PEOPLE, PLAINTIFF AND APPELLEE, *v.* HERNÁNDEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of Section 61 of the Excise–Tax Law.

No. 1841.—Decided December 13, 1921.

JURISDICTION—EVIDENCE.—It is not necessary to establish jurisdiction by direct and positive evidence. It will be sufficient that it may be reasonably inferred from the facts proved in the criminal action, or that it may be inferred from the fact that the crime was committed in the place alleged.

ID.—ID.—NONSUIT—DISCRETION OF COURT.—The admission of evidence after a motion for nonsuit has been made is within the discretion of the court.

The facts are stated in the opinion.

*Mr. F. E. Martínez* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The appellant was charged with a violation of section 61 of the Excise-Tax Law in that on April 29, 1921, in the ward of Valenciano of Juncos, within the jurisdiction of the justice of the peace court of Juncos, which forms a part of the municipal judicial district of San Lorenzo, P. R., which is in turn part of the judicial district of Humacao, P. R., he wilfully and unlawfully had in his possession as owner thereof a still made of galvanized iron of the capacity of about two gallons, with a copper worm, without having the said still registered in the Treasury Department.

After the district attorney had examined the evidence for the prosecution the defense made a motion for nonsuit on the ground that although at the trial it had been said that the house of Rafael Hernández was where the still was found, no evidence had been offered regarding the municipality or place in which the said house was situated, a very essential element for determining the jurisdiction of the court. The district attorney opposed the motion, stating that although from the testimony of the witnesses it could be inferred that the offense was committed in the ward of Valenciano of Juncos, within the judicial district of Humacao, in the interest of justice he would call another witness for the purpose of making clear to the court the question of jurisdiction raised, albeit in his opinion it was already clear. The defense objected to the admission of the testimony of the witness and insisted upon a ruling on the motion for nonsuit. The court then ruled that although it could be inferred that the ward of Valenciano is a part of Juncos, it would

admit the testimony of the witness offered by the district attorney, thus overruling the motion for nonsuit.

The said witness, Ramón Azpurúa, who had already testified, explained that the house where the still was found is in the ward of Valenciano, a part of the municipality of Juncos of which he is the chief of police.

Judgment was entered on August 5, 1921, finding the defendant guilty and sentencing him to pay a fine of one hundred dollars, or in default thereof to suffer one day's imprisonment for each dollar not paid, the subsidiary imprisonment not to exceed ninety days. From that judgment the present appeal was taken on the following grounds:

First: That the court erred in overruling the motion for nonsuit.

Second: That it also erred in permitting the district attorney to introduce evidence after the motion for nonsuit had been made.

Third: That the court erred also in finding the defendant guilty without any evidence as to the year in which the offense was committed.

In considering the first ground of appeal account should be taken of the testimony of witnesses Ramón Azpurúa and Emilio Castro, of whom the first testified that he was district chief of Juncos and was stationed there; that on one day of the month of April he received information that there was a still in the house of Ramón Hernández, who resided in the ward of Valenciano; that he obtained a search warrant from the justice of the peace and went to the said ward with policeman Emilio Castro; that they entered the house of Ramón Hernández, who is the father of the defendant, and near it found the still which was said by Ramón to belong to his son Rafael. The other witness, Emilio Castro, said that he resided in Juncos and was an insular policeman there and that in the month of April, under the orders of his chief, Azpurúa, of Juncos, he went with his said chief to the ward

of Valenciano and in the house or on the property of Ramón Hernández they found a still which Ramón himself said belonged to his son Rafael.

From this testimony it is deduced that both witnesses belong to the insular police force on duty in Juncos; that the justice of the peace of Juncos, whose jurisdiction is limited to that municipality, issued a search warrant, and that the still was found in the ward of Valenciano, which, according to the complaint, is a part of the municipality of Juncos.

From these facts it may be reasonably inferred that the offense was committed in the ward of Valenciano of the municipality of Juncos without the necessity of establishing that fact by direct or positive evidence. See the case of *People* v. *Llabrés,* 29 P. R. R. 697.

But in any event, any doubt that may have existed with regard to the jurisdiction of the court was dispelled by the explanation given by witness Azpurúa after the motion for nonsuit was made. And the court did not err in allowing Azpurúa to testify after the motion for nonsuit had been made, for it had discretional power to do so. *People* v. *Julián,* 18 P. R. R. 905; 16 C. J. 870 *et seq.*

The first and second grounds of the appeal are without merit.

As to the third ground, the witnesses who testified at the trial expressly referred to the month of April, which could be no other than that of the year 1921 to which the complaint refers; therefore, there is evidence that the offense was committed within the year fixed by the statute of limitations.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.